IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. HOWELL,   # 260 462 | ) | |
| | ) | |
| Petitioner, | ) | |
| | )CIVIL ACTION NO. 1:12cv1041-WHA | |
| v. | ) | |
| | ) | [WO] |
| J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

Petitioner James E. Howell ("Howell"), an inmate of the Alabama Department of Corrections, filed this petition and amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of first-degree sexual abuse in the Circuit Court for Houston County, Alabama. *Doc. Nos. 1, 8.* Howell was sentenced to two, consecutive, ten-year sentences. *Doc. No. 7-2* at 38-41.

Howell appealed, and the Alabama Court of Criminal Appeals affirmed the judgment on February 22, 2008. *Doc. No. 7-7.* His application for rehearing was overruled. *Doc. Nos. 7-8, 12-1.* He unsuccessfully petitioned for certiorari to the Alabama Supreme Court, and a certificate of judgment issued on June 13, 2008. *Doc. Nos. 7-9, 7-10, 12-2.*

Howell submitted a petition for  postconviction review pursuant to Alabama Rule of Criminal Procedure 32. The Circuit Court summarily dismissed the petition on the ground that "Howell failed 'to state any specific facts in support of the grounds alleged.'" *Doc. No.*

*7-12* at 2; *Doc. No. 7-14* at 2. Howell appealed, and the Alabama Court of Criminal Appeals affirmed the denial of relief. *Doc. Nos. 7-11, 7-12, 7-14.* His application for rehearing was overruled. *Doc. Nos. 7-15, 12-1.* He unsuccessfully petitioned for certiorari to the Alabama Supreme Court, and a certificate of judgment issued on August 6, 2010. *Doc. Nos. 7-16, 7-17, 12-2.*

## II.  HABEAS PETITION

Howell filed this section 2254 petition on August 25, 2010.[1] *Doc. No. 1* at 31. Respondent asserts that the petition is timely, and the Court agrees. Howell raises the following nine claims for federal habeas relief in his original and amended petitions:

1.   Howell claims that his trial counsel provided ineffective assistance by failing to raise a double jeopardy argument. *Doc. No. 1* at 20-21.

2.   Howell claims the State failed to disclose exculpatory evidence, namely, malice by the victim's mother towards Howell. *Doc. No. 1* at 21-24.

3.   Howell claims the State courts erred by rejecting his Confrontation Clause challenge. *Doc. No.1* at 25-27.

4.   Howell claims the State courts erred by not having an evidentiary hearing on his actual innocence claims. *Doc. No.1* at 27-29.

5.   Howell claims the trial court erred by not giving the jury his requested instructions 1, 3, 4, 5, 7, and 13. *Doc. No. 8* at 1-4.

6.   Howell claims the jury could not have been convinced of his guilt beyond a reasonable doubt. *Doc. No. 8* at 4-8.

7.   Howell claims the State did not prove Howell intended to receive any sexual gratification from the alleged touching. *Doc. No. 8* at 9-10.

---

[1]Howell signed the petition on August 25, 2010, and stated he placed it in the mail on that date. *Doc. No. 1* at 33. Pursuant to the prison "mailbox rule," the court considers August 25, 2010, as the date of filing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that [the prisoner's petition] was delivered to prison authorities the day he signed it . . . ." *See also* Order of Dec. 5, 2012. *Doc. No. 15.*

8.    Howell claims that his trial counsel provided ineffective assistance by failing to interview witnesses and call them at trial; failing to object to testimony; failing to move for a new trial based on medical and scientific grounds; failing to move for a new trial to preserve issues for appeal; failing to request a sentencing hearing; and failing to request a probation hearing. *Doc. No. 8* at 10-11.

9.    Howell claims there is newly discovered evidence that the State's main witness and victim recanted her testimony. *Doc. No. 8* at 11.

Respondent argues that Howell cannot prevail on Claims 1, 2, 3, 5, 6, and 7 because they are unexhausted or procedurally defaulted pursuant to adequate and independent state court law, and Howell provides no valid excuse for his failure to comply with state court law. *Doc. No. 7* at 6-9; *Doc. No. 12* at 3-17. Respondent argues that Howell cannot obtain federal relief based on his claim of actual innocence in Claim 4 because he has not come forward with new evidence that satisfies the actual innocence standard. *Doc. No. 7* at 9-10. Respondent argues that Howell cannot prevail on Claim 8 because Howell's allegations are only generalized complaints about his counsel's performance; counsel's performance was not deficient and Howell was not prejudiced by counsel's performance; and Howell does not merit habeas relief under the federal habeas statute, 28 U.S.C. § 2254(d), because the state court rulings are not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and the decisions were not the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Doc. No. 12* at 17-19; *see* 28 U.S.C. § 2254(d). Respondent argues that Howell also cannot prevail on the merits of Claim 9 because he does not satisfy the requirements of section 2254(d). *Doc. No. 12* at 19-20.

-3-

This Court entered an order advising Howell of the constraints that 28 U.S.C. § 2254(d)(1) places on federal courts to grant relief, including procedural default of federal claims under adequate and independent state court grounds, as well as the ways to overcome default. *Doc. No. 15.* The Court granted Howell an opportunity to file a reply to Respondents' answer. *Doc. No. 15.* Howell did not file a reply. Instead, he attempted to file an amended habeas petition that was a duplicate of his earlier, amended petition. *Doc. No. 16.* The Court denied Howell's request to file an amended petition. *Doc. No. 17.*

After reviewing the § 2254 petition and amended petition, Respondents' answer and supplemental answer, the state court record, and applicable federal law, the Court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

### III.  CLAIM 4 AND CLAIM 9

This federal court may consider a petition "for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Consequently, this Court has authority to grant habeas relief for errors of federal constitutional law only, not state law. *Id.*; *see also Ferguson v. Secretary, Dept. Corrections*, 580 F.3d 1183, 1211-12 (11th Cir. 2009) (claim involving solely state law issues could not serve as the basis for a federal habeas claim).

Howell's Claim 4 for a hearing on his actual innocence is not, in itself, a stand-alone ground for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Rather, a claim of actual innocence is a "gateway" through which a petitioner must pass before a court may consider constitutional claims which are procedurally barred. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995). Consequently, this Court will consider Howell's claim that he should have had a hearing on his actual innocence in its discussion of whether the Court may consider Howell's procedurally defaulted claims. To the extent that Howell means to argue there was insufficient evidence to convict him, his claim is duplicative of Claim 6 and Claim 7, which both concern whether the evidence against Howell satisfied the elements of the crimes charged.

In Claim 9, Howell states that newly discovered evidence, namely, recantation of testimony by the State's main witness, requires that Howell's conviction or sentence be vacated. *Doc. No. 8* at 11. In this federal action, Howell does not identify what federal law is the source of his claim. Looking to the state court proceedings provides no further insight into what federal claim Howell might be raising in Claim 9. Howell raised the same claim in his appeal of the denial of postconviction relief in state court, but he did not cite the source of federal law to support his claim. *Doc. No. 7-13* at 3, 9. In his appeal Howell simply stated,

"[t]he Court's violations of [Howell's] constitutional rights are clear and evident." *Doc. No.*

*7-13* at 12. Later in his brief on appeal, Howell stated:

> Moreover, Mr. Howell alleged that there was newly discovered evidence since his trial, in, that, if known at trial, would have affected a different outcome of his case. Mr. Howell informed the Court that one of the State's main witnesses and victim at trial recanted her prior testimony. The defendant argued that if this information had been known at trial, the outcome of his case would have been clearly different.

*Doc. No. 7-13* at 15. Likewise, the Alabama Court of Criminal Appeals did not cite federal

law in rejecting Howell's claim. *Doc. No. 7-14* at 4.[2] Thus, this Court does not treat the claim

as one asserting a violation of federal law. Additionally, the Court observes, newly

discovered evidence of actual innocence is not an independent ground for section 2254 relief.

*See Herrera*, 506 U.S. at 400. Such evidence may be grounds for reviewing the merits of

procedurally defaulted claims, *see infra*, therefore the Court will consider the claim of new

evidence in the context of whether Howell has an excuse warranting consideration of his

---

[2]The Alabama Court of Criminal Appeals held that Howell's "vague assertion that one of the victims recanted her testimony to family members did not meet the criteria of newly discovered evidence entitling him to relief pursuant to Rule 32.1(e), Ala. R. Crim. P. *See Ingram v. State*, [CR-03-1701, September 29, 2006] ___ So. 3d ___ (Ala. Crim. App. 2006)." The decision cited in Howell's case by the Alabama Court of Criminal Appeals, *Ingram v. State*, 51 So.3d 1094 (Ala. Crim. App. 2006), was overturned in *Ex parte Ingram*, 51 So.3d 1119 (Ala. 2010). The Alabama Supreme Court ruled that the trial court's verbatim adoption of the State's proposed order, including its erroneous statements that the judge presided over the trial when he did not, "undermines any confidence that the trial court's findings of fact and conclusions of law are the product of the trial judge's independent judgment and that the [trial court's] order reflects the findings and conclusions of *that* judge." *Ex parte Ingram*, 51 So.3d at 1125. Nevertheless, the subsequent history of the case does not cast doubt on the general principle for which the case was cited, that is, conclusory claims do not provide a basis for relief.

procedurally defaulted claims.

## IV. CLAIMS 1, 2, 3, 5, 6, AND 7

Howell's Claims 1, 2, 3, 5, 6, and 7 are either unexhausted with no remaining state court remedy, or they are procedurally defaulted pursuant to an adequate and independent state court ground. The procedural default doctrine is closely related to the exhaustion requirement in section 2254 cases. To preserve a federal claim for habeas review, principles of exhaustion required a petitioner to "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Under exhaustion principles, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel*'s reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136 (2002). The exhaustion requirement also ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Federal claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray,* 518 U.S. at 161-62 (where state court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

To rely on a state court's procedural bar of a federal claim, the following three conditions must be met: (1) the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim, (2) the state court decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law, and (3) the state procedural rule must be firmly established and regularly followed. *Ward v. Hall*, 592 F.3d 1144, 1156-57 (11th Cir. 2010) (citations omitted); *see also id.* at 1156 n.5 (noting the

caveat that, "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'") (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (quotation marks, citations and alterations omitted)). The Court "presume[s] that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman*, 501 U.S. at 735 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). In the rest of the cases, however, the Court makes no such presumption. *Coleman*, 501 U.S. at 739. If the last reasoned opinion "fairly appear[s] to rest primarily upon federal law," then the Court presumes the subsequent order relies on federal law.  *Ylst*, 501 U.S. at 803. Similarly, if the last reasoned order invoked procedural default, then the Court "presume[s] that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.*

## A. Procedurally Defaulted Claims

Howell never raised in state court Claim 1, regarding the Double Jeopardy Clause, or Claim 2, regarding alleged exculpatory evidence that the victim's mother held malice toward Howell and his wife, or Claim 3, regarding the Confrontation Clause. Because Howell never presented these claims to the state court, they are technically unexhausted, but because the time for Howell to raise the claims in State court has passed, the Court treats them as

procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *see also Henderson*, 353 F.3d at 891 (deeming procedurally defaulted claims that are unexhausted when petitioner is barred from raising them by applicable state procedural rules).

Howell raised Claim 5 regarding his requested jury instructions on direct appeal, but Howell alleged error based on state law only, not federal law. *Doc. No. 7-6* at 3, 31-37 (relying on only state law authority). The Alabama Court of Criminal Appeals ruled that the trial court properly instructed the jury under Alabama law because the court substantially covered the requested instructions in the court's oral instructions to the jury. *Doc. No. 7-7* at 3-6 (citing *Powers v. State*, 963 So.2d 679, 691 (Ala. Crim. App. 2006); *Woods v. State*, 724 So.2d 40, 49 (Ala. Crim. App. 1997)). If Howell means in Claim 5 to raise a challenge to the jury instructions based on federal law,[3] his federal claim is unexhausted, and because Howell would be precluded by state procedural rules from raising the claim in state court now, it is treated as procedurally defaulted in this federal habeas action. *See Coleman*, 501

---

[3]Howell does not state the federal basis for Claim 5 and instead cites as authority Alabama law. *Doc. No. 8* at 1-4. A state trial court's refusal to give a requested jury instruction does not, standing alone, warrant federal habeas corpus relief. The refusal to give the instruction must so infect the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (deficient jury charge is issue of constitutional dimension only where it renders entire trial fundamentally unfair); *Erickson v. Sec'y for the Dep't of Corr.*, 243 F. App'x 524, 528 (11th Cir. 2007) ("[E]rrors in state jury instructions are federal constitutional issues only where they render the entire trial fundamentally unfair.") (citing *Jones v. Dugger*, 888 F.2d 1340, 1343 (11th Cir. 1989)). Even were this Court to consider the merits of Howell's jury instruction claims, it could not conclude that the state court determination was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d).

U.S. at 735 n.1; *see also Henderson*, 353 F.3d at 891 (deeming procedurally defaulted claims that are unexhausted when petitioner is barred from raising them by applicable state procedural rules).

Howell raised both Claim 6 and Claim 7 on direct appeal. *Doc. No. 7-6* at 37-47, 48-51. In Claim 6, Howell argued that the jury could not have been convinced of his guilt beyond a reasonable doubt of all the elements of the crimes charged.[4] *Doc. No. 7-6* at 37-47. In Claim 7, Howell argued that even if he did touch the girls, the State did not prove one of the elements of the charged crime, that is, the defendant intended to receive sexual gratification from the alleged touching. *Doc. No. 7-6* at 48-51. The Court of Criminal Appeals described Howell's claim that "he did not touch the children *inappropriately,*" and it stated that Howell "essentially, [was] challenging the weight of the evidence." *Doc. No. 7-7* at 6 (emphasis added). The state court ruled that Howell's challenge to the weight of the evidence was procedurally defaulted under Alabama state procedural law. *Doc. No. 7-7* at 6. As the Court of Criminal Appeals explained, the issue was

> being raised for the first time on appeal and, therefore, is not properly before this Court for review. The record reflects that J.E.H. did not file a motion for a new trial challenging the weight of the evidence. *See, e.g.*, *Ware v. State*, 949 So.2d 169, 175 n.11 (Ala. Crim. App. 2006) ("Ware did not address the weight of the evidence in his motion for a new trial; thus that issue is not preserved

---

[4]The trial court instructed the jury that to find Howell guilty of first-degree sexual abuse, the jury had to find that (1) Howell was at least 16 years old, (2) the child involved was less than 12 years old, (3) Howell submitted the child to sexual contact, that is, he touched either the sexual or other intimate parts of the child, and (4) it was for the purpose of gratifying the sexual desires or either Howell or the child. *Doc. No. 7-4* at 52.

> for us to consider on appeal."); *Payne v. State*, 946 So.2d 930, 935 (Ala. Crim.
> App. 2006) ("'The issue of the weight of the evidence is preserved by a motion
> for a new trial, stating "that the verdict is contrary to law or the weight of the
> evidence." *See* [Ala.] R. [Crim.] P. 24.1(c)(1).' *Zumbado v. State*, 615 So. 2d
> 1223, 1241 (Ala. Crim. App. 1993).")). Because J.E.H. failed to file a motion
> for a new trial, his challenge to the weight of the evidence was not preserved
> for appellate review, and will not be considered.

*Doc. No. 7-7* at 6. The Alabama Court of Criminal Appeals specifically mentioned Howell's

federal Claim 6, but it did not specifically address Claim 7. Howell pointed out the omission

in his application for rehearing. *Doc. No. 12-1* at 55. The state courts then denied Howell's

request for rehearing and his petition for certiorari. *Doc. Nos. 7-8, 7-9.* It is arguable that the

state court's silence regarding Claim 7 could be reason to address the claim *de novo*. *See*

*Williams*, 791 F.3d at 1273 ("If the state court did not reach the merits of a petitioner's claim

based on some ground that is not adequate to bar federal review, we must review the claim

*de novo*."). However, the Court concludes, in the circumstances of Howell's case, it is clear

that the state courts treated both federal Claim 6 and Claim 7 as procedurally defaulted under

Alabama rules. The reference to Howell's claim "that 'the jury could not have been

convinced beyond a reasonable doubt of his guilt,'" "that he did not touch the children

inappropriately," and he "essentially, is challenging the weight of the evidence," *Doc. No.*

*7-7* at 6, included all of his challenges to the sufficiency of the evidence. Here, the most

reasonable assumption is the state courts meant to deny both of Howell's claims regarding

the sufficiency of the evidence based on his procedural default. *See Williams*, 791 F.3d at

1273 ("we only presume that a state court reached the merits when there is no 'reason to

think some other explanation for the state court's decision is more likely'") (quoting *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011)). Consequently, this Court treats Howell's Claim 6 and Claim 7 as procedurally defaulted under an adequate and independent state court ground.

## B.  Exceptions to Procedurally Defaulted Claims

This court may reach the merits of Howell's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96.   A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id*."  *Henderson*, 353 F.3d at 892.

### 1.  Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, 353 F.3d at 892. The court afforded Howell an opportunity to demonstrate the

existence of cause for his failure to raise his defaulted claims in the state courts properly and prejudice resulting from this failure. *Doc. No. 15.* Howell did not respond. Howell, therefore, provides no ground to establish cause for his failure to comply with the state procedural rules, or any resulting prejudice from this Court's refusal to address Howell's federal claims. Nevertheless, this Court may reach Howell's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### 2. Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup*, 513 U.S. at 321. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (citations omitted). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id.* at 537.

Howell argues that he is actually innocent of the crimes. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28); *House,* 547 U.S. at 538.  In this context,

Howell must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup,* 513 U.S. at 324.  *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324 (emphasis added).

Howell states he has newly discovered evidence that the State's main witness, one of the victims, recanted her testimony. However, Howell provides no specific facts to substantiate his assertion. For example, he does not identify which of the two victims recanted, what testimony was recanted, when the recantation occurred, or how the evidence is reliable. Therefore, Howell cannot demonstrate that he has new reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the court does not reach the merits of his defaulted claims. Howell simply presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*.  Howell's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

## IV. CLAIM 8

In Claim 8, Howell claims that his trial counsel provided ineffective assistance by

failing to interview witnesses and call them at trial; failing to object to testimony; failing to move for a new trial and preserve issues for appeal; failing to request a sentencing hearing; and failing to request a probation hearing. *Doc. No. 8* at 11. Howell presented Claim 8 to the state courts in his postconviction petition and appeal. *Doc. Nos. 12-1, 12-2.* The Alabama Court of Criminal Appeals ruled that Howell failed to present specific facts to support his claims, as required by Rule 32.3 and Rule 32.6(b) of Alabama Rule of Criminal Procedure. *Doc. No. 7-12* at 3-4. The denial of relief under Rule 32.6(b) or 32.7(d) is treated as a determination on the merits for purposes of section 2254. *See Williams v. Alabama*, 791 F.3d 1267, 1271 (11th Cir. 2015) (citing *Frazier v. Bouchard*, 661 F.3d 519, 525-26 (11th Cir. 2011)); s*ee also Frazier*, 661 F.3d at 525 ("a dismissal under Rule 32.7(d) for failure to sufficiently plead a claim under Rule 32.6(b) requires an evaluation of the merits of the underlying federal claim"). The Court thus reviews the underlying federal claim.

To demonstrate a claim of ineffective assistance, Howell must show that counsel performed "below an objective standard of reasonableness," and that Howell was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688. To establish prejudice, Howell is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a strong presumption that counsel's performance was reasonable, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of

an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Because the state courts ruled on the merits of Howell's ineffective assistance of counsel claims, this federal court's section 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quotation marks and citation omitted); *Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

The Alabama Court of Criminal Appeals rejected Howell's ineffective assistance claim, explaining:

> Howell did not allege what witnesses his counsel should have called, or how those witnesses' testimony would have changed the outcome of trial. Furthermore, Howell did not set forth any specific instances where his counsel allegedly should have objected at trial. Although Howell claimed that his counsel should have filed a motion for new trial, he did not specify what counsel should have argued, or that he would have prevailed on a motion for new trial, had one been filed. Finally, Howell did not plead any facts to show how his counsel was ineffective for not requesting a sentencing hearing, or for not requesting a probation hearing. Howell's allegations of ineffective assistance of trial counsel were bare conclusions completely unsupported by any specific facts, and did not warrant further proceedings.

*Doc. No. 7-14* at 4 (citations omitted). After careful review, the Court concludes that

-17-

Howell's conclusory and speculative complaints about counsel's performance do not identify what counsel should have done differently or explain how the outcome of Howell's proceedings might have been different if counsel had performed differently. In other words, Howell cannot demonstrate he was prejudiced by counsel's performance, as required by *Strickland*, 466 U.S. at 694; *see also Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012) (bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test). Thus, this Court concludes that the decision by the Alabama Court of Criminal Appeals regarding counsel's alleged ineffective assistance was not contrary to clearly established federal law, as determined by the United States Supreme Court, or an unreasonable application of *Strickland. See* 28 U.S.C. 2254(d)(1).

## V. NO EVIDENTIARY HEARING IS NEEDED

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). The Court is not required hold an evidentiary hearing on Howell's claims because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner James E. Howell be DENIED and DISMISSED with prejudice.

-18-

It is further

ORDERED that on or before **March 18, 2016** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of March, 2016.


 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE

-19-